UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYLLIS CENTANTI VOGEL,<br><br>                            Plaintiff,<br><br>      v.<br><br>CHERYL HATHAWAY,<br><br>                            Defendant. | Civil Action No. 12-1869<br>(SDW)(MCA)<br><br><br>**OPINION**<br><br><br>April 10, 2013 |

**WIGENTON**, District Judge.

Before the Court is Defendant Cheryl Hathaway's ("Defendant") Motion for Summary Judgment ("Motion") against Plaintiff Phyllis Centanti Vogel ("Plaintiff") pursuant to Federal Rule of Civil Procedure 56. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendant's Motion is **DENIED**.

**FACTUAL AND PROCEDURAL HISTORY**

In the afternoon of July 20, 2011, Plaintiff attended a family picnic held at Defendant's house in Rahway, New Jersey. (See Def. Ex. B, Plaintiff Phyllis C. Vogel Deposition "Pl. Dep." at 36:25-37:9 (September 12, 2012); Compl. ¶¶ 5, 7.) Approximately thirty minutes after arriving at the picnic, Plaintiff went to retrieve cigarettes from her car which was parked near the curb in front of Defendant's house. (Def. Ex. B, Pl. Dep. 37:22-44:18.) While en route to her car, Plaintiff exited the front door of Defendant's house and tripped and fell on a step leading to

1

the sidewalk. (Def. Ex. B, Pl. Dep. 44:13-54:23, 76:24-77:8.) Plaintiff suffered wrist injuries and subsequently underwent two surgeries. (Pl. Br. at 3; see Ex. D. at ¶¶ 3-5.)

On March 27, 2012, Plaintiff filed her Complaint alleging negligence and Defendant's failure to warn Plaintiff of unsafe and hazardous conditions. On January 23, 2013, Defendant moved for Summary Judgment.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." Id. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. Shields v. Zuccarini, 254 F.3d 476, 481 (3d

Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp., 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." Black Car Assistance Corp. v. New Jersey, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**DISCUSSION**

To establish a claim for negligence under New Jersey law, a plaintiff must prove: (1) a defendant owed a duty to plaintiff; (2) the same defendant breached that duty; and (3) plaintiff suffered injuries proximately caused by the breach. Conklin v. Hannoch Weisman, 145 N.J. 395, 416 (1996). In premise liability cases, the scope of the duty owed to the plaintiff is based on the plaintiff's status on the property at the time of the incident. Snyder v. I. Jay Realty Co., 30 N.J. 303, 311-12 (1959). New Jersey courts employ the traditional classifications of business invitee, social guest, or trespasser to determine what duty is owed to the plaintiff. Id.

In the instant matter, the parties do not dispute that Plaintiff was a social guest at Defendant's house. (See Pl. Br. at 5; Def. Br. at 7.) Consistent with well-settled law, the parties agree that "a homeowner has a duty to warn the unwary social guest of a condition of the premises that the homeowner knows or has reason to know creates an unreasonable risk of injury." Parks v. Rogers, 176 N.J. 491, 494 (2003). Additionally, both parties note New Jersey's evolutionary trend in considering "whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993) (citing Goldberg v. Housing Auth., 38 N.J. 578, 583 (1962)). Thus, in determining the nature of the duty owed, courts weigh and balance the following factors: (1) the relationship of the parties; (2) the nature of the attendant risk; (3) the opportunity and ability to exercise care; and (4) the public interest in the proposed solution. Id.

Here, the central factual issue is whether Defendant knew or should have known about the allegedly defective step. Plaintiff testified that she fell because the step had an unexpected height differential.[1] (Def. Ex. B, Pl. Dep. 44:21-45:5, 56:7-22.) Plaintiff's expert, Paul Stephens ("Stephens"), opined that the steps were hazardous because of the "excessive dimensional variations between the steps." (Pl. Br. at 3.) Stephens noted that "[a] higher than expected step during descent such as the over 10 inch high single step at the sidewalk versu[s] the 7 to 7 5/8 inch entry steps . . . violate user expectation." (Pl. Br. at 3.) Stephens further opined that "[t]he house's exterior steps, with a single step at the sidewalk with a riser height of 10 inches, and the house entry steps with tread dimensional variations of 5/8 inch were not compliant with the building code in effect at the time of construction and such noncompliance was a proximate

---

[1] Plaintiff testified that she used the handrail for the first two steps down, but was unsure on the third step. (Def. Ex. B, Pl. Dep. 50:2-4.) However, in her answers to interrogatories, Plaintiff stated that she fell on "the one step that is located immediately before the sidewalk adjacent to [the] defendant's home." (Def. Ex. D ¶ 2.)

cause of [Plaintiff's] accident." (Pl. Br. at 4.) Based on this expert report, Plaintiff argues that Defendant either knew or should have known about the condition and had a duty to warn Plaintiff of the defective steps. (Pl. Br. at 6.)

On May 9, 2005, Defendant signed an application with the Township of Rahway to replace the front steps and railings. (Def. Ex. G.; Pl. Br. at 6.) Defendant testified the front steps were in fact replaced in 2005. (Def. Ex. F, Defendant Cheryl Hathaway Deposition "Def. Dep." at 11:3-15:10 (October 8, 2012).) Defendant further testified that she was not aware of any problems with the steps and that no one had previously fallen on the steps. (Def. Ex. F 15:11-21.)

In considering Defendant's Motion, this Court finds that summary judgment is not appropriate. There are genuine issues of material facts relating to whether Defendant knew or should have known about the alleged defect in the steps and whether the steps' height differential posed an unreasonable risk of harm to Plaintiff. Additionally, there is a dispute regarding whether Plaintiff should have realized the allegedly defective condition and whether she had the opportunity and ability to exercise care while walking down the steps. In light of Plaintiff's expert report, the relevant deposition testimony, and answers to interrogatories, there are genuine factual issues for a jury to determine. In light of the disputed facts, Defendant is not entitled to summary judgment.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion is DENIED.

s/Susan D. Wigenton, U.S.D.J.

Cc:    Madeline Cox Arleo, U.S.M.J.